# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Sarah Johnson, | Civil Action No.: 3:13-cv-00631 |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| CBE Group, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Sarah Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sarah Johnson ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant CBE Group, Inc. ("CBE"), is a business entity with an address of Waterloo, Iowa 50704, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.      A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to CBE for collection, or CBE was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBE Engages in Harassment and Abusive Tactics

10.     In or around early July, 2013, CBE began calling Plaintiff in an attempt to collect the Debt allegedly owed by "Shaina Johnson" (the "Debtor").

11.     During the initial conversation and during each conversation thereafter, Plaintiff informed CBE that she was not the Debtor and therefore was not responsible for the repayment of the Debt.

12.     During the initial conversation and during each conversation thereafter, Plaintiff advised CBE that she did not know the Debtor or her whereabouts and directed CBE to cease all communications with her.

13. Thereafter, despite having been informed of such on more than one occasion and directed to cease the calls, CBE then continued calling Plaintiff at her residential telephone one to two times per day on a daily basis in an attempt to collect the Debt.

14. Plaintiff had at one time been in the debt collection business for the federal government, and advised Defendant that they were not to contact her in their search for this other person.

15. Plaintiff had been receiving calls from Defendant asking for someone other than herself for weeks before retaining counsel for this matter in mid-August, 2013.

16. These repeated collection calls for someone else caused Plaintiff to feel oppressed and frustrated.

## C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

3

21. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, *et seq.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

27. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

28. The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiff under the circumstances or at times known to be times other than normal waking hours of the Plaintiff, in violation of N.C. Gen.Stat. § 58-70-100(3).

4

## COUNT III

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, *et seq.*

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

31.     The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

32.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 per violation pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 17, 2014

Respectfully submitted,

By: _/s/ Ruth M. Allen_

Ruth M. Allen, Esq.
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh NC 27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile: (888) 953-6237
Attorney for Plaintiff

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2014, a true and correct copy of the foregoing First Amended Complaint was filed with the United States District Court for the Western District of North Carolina through the CM/ECF system and that the document is available online.

By /s/ Ruth M. Allen
Ruth M. Allen, Esq.